## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

NOVO NORDISK A/S AND NOVO
NORDISK INC.,

         Plaintiffs,

    v.

GET RELIEF RX LLC,

         Defendant.

Case No. 9:25-cv-00120-KLD

### FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on August 4, 2025, and that defendant Get Relief Rx LLC ("Get Relief") was served with the Complaint and, through counsel, filed its Answer herein on October 7, 2025; and

It further appearing that the parties have agreed to settle and resolve this matter without further formal proceedings herein, and, as indicated by the signatures below, have consented to entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over defendant Get Relief. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against defendant Get Relief for trademark infringement, false advertising, and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and the common law.

3. Plaintiff Novo Nordisk has adopted and used, and has valid and enforceable rights in and to, the trademarks OZEMPIC, WEGOVY, and RYBELSUS (the "Novo Nordisk Marks") for pharmaceutical products.

4. The federal trademark registrations of plaintiff Novo Nordisk A/S for the Novo Nordisk Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| OZEMPIC | 4,774,881 | July 21, 2015 | Pharmaceutical preparations (class 5) |
| WEGOVY | 6,585,492 | December 14, 2021 | Pharmaceutical preparations (class 5) |
| wegovy | 6,763,029 | June 21, 2022 | Pharmaceutical preparations (class 5) |
| RYBELSUS | 5,682,853 | February 26, 2019 | Pharmaceutical preparations (class 5) |

5. Without the consent of plaintiff Novo Nordisk, defendant Get Relief has used one or more of the Novo Nordisk Marks in connection with the sale, marketing, promotion, and offering of compounded drug products purporting to contain semaglutide that have not been

Docusign Envelope ID: C2F6A8F1-17FF-804E-8026-59885A165373

approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs").

6.    Without the consent of plaintiff Novo Nordisk, defendant Get Relief has engaged in advertising, marketing, and/or promotion that falsely suggests that:  (i) the Unapproved Compounded Drugs offered and sold by defendant Get Relief are genuine Novo Nordisk, semaglutide-based medicines and/or are approved by the FDA; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use; (iii) defendant Get Relief and/or its Unapproved Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA-approved, semaglutide-based medicines; (iv) the Unapproved Compounded Drugs offered by defendant Get Relief achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; (v) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and/or that the Unapproved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines; and/or (vi) the Unapproved Compounded Drugs contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

7.    Defendant Get Relief's actions as described above are likely to cause deception, cause confusion, infringe Novo Nordisk's rights in the Novo Nordisk Marks, and violate Novo Nordisk's rights under the Lanham Act and state law.

3

8.     Defendant Get Relief, its officers, directors, shareholders, owners, employees, and those agents it exercises control over, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a)     using the Novo Nordisk Marks (i) in any manner likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Novo Nordisk Marks in any way, or (ii) in connection with the advertising, marketing, sale, or promotion of any Unapproved Compounded Drugs; and,

(b)     advertising, stating, or suggesting that any Unapproved Compounded Drugs, including any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

(1)     are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2)     are sponsored by or associated with Novo Nordisk;

(3)     are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4)     achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5)     achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo

4

Docusign Envelope ID: C2F6A8F1-17FF-804E-8026-59885A165373

Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

9. IT IS FURTHER ORDERED that, for twelve months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

10. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

11. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

Docusign Envelope ID: C2F6A8F1-17FF-804E-8020-59885A165373

12.     In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

13.     This Final Judgment shall be deemed to have been served on defendant Get Relief, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

SO ORDERED, this 23rd day of June , 202_.

_____
Magistrate
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

_____
Nathan E. Shafroth
COVINGTON & BURLING LLP
Salesforce Tower
450 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-7053
nshafroth@cov.com

_____
Martin Rogers
WORDEN THANE P.C.
321 W. Broadway, Suite 300
Missoula, MT 59802
406-721-3400
mrogers@wordenthane.com